(No. 76-CC-1870—)

ROBERT G. KAYSEN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 17, 1980.*

FREDERICK J. STEFFEN, for Claimant.

WILLIAM J. SCOTT, Attorney General (KEVIN J. CAPLIS, Special Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

The Claimant, Robert G. Kaysen, brought this action to recover for damages he sustained by reason of personal

injuries which he alleged were caused by the negligence of the State in failing to maintain a State highway. A bifurcated hearing was held before a commissioner at which much testimony and numerous exhibits were offered by both parties. Following the hearing this case was argued orally before the full Court.

The incident complained of occurred near midnight on July 22, 1975, while Claimant was driving his automobile easterly on Route 72, approximately two miles west of Route 31, west of Dundee, Illinois. Route 72 is a two-lane highway with asphalt surface. Weather conditions were clear at the time of the accident.

Claimant testified that he was traveling approximately 50 miles per hour and that as he approached a curve he hit a number of potholes in the road, that his tires grabbed and his automobile skidded sideways, thereby causing him to lose control of the vehicle and crash into a telephone pole. Other witnesses, on behalf of the Claimant, testified to certain imperfections in the road. Photographs were also introduced into evidence which Claimant's witnesses testified represented the scene of said potholes.

James Montalbano, a police officer for the Village of Sleepy Hollow, testifying for the Respondent, stated that he witnessed a part of the accident and in fact saw Claimant's vehicle traveling at a rate of speed which he estimated to have been between 60 and 70 miles per hour. David R. Barrows, a deputy sheriff with the Kane County Sheriff's Police also testified on behalf of the State. Each of these two witnesses stated that he made an investigation of the scene of the accident the same night and also the next morning during daylight hours and did not observe the hole or holes in the pavement which was testified to by the Claimant and his witnesses. The

exhibits introduced into evidence at the hearing support their testimony. A careful examination of the photographs does not reveal any such pothole or defect which could relate to the erratic movement of the vehicle prior to leaving the highway and striking the telephone pole.

Officer Barrows testified that during both of his investigations he walked the entire distance from the point of impact of Claimant's automobile with the telephone back to the area where Claimant alleged the pothole existed, and that neither immediately following the accident nor the next morning did he see any potholes or other patched surfaces which he, in his opinion, felt would constitute a hazard to a vehicle traveling on the highway. He further stated that he walked back to approximately 200 to 300 feet west of where the tire marks began and saw no evidence of any particular imperfections. He did testify that he noted a patch in the pavement similar to the patch identified by Claimant in Exhibit No. 4 as the area of the pothole. However, he further noted that the patch was not fresh. Joseph Koster, a District Safety and Claims Manager with the Department of Transportation, testified that the patch shown in Exhibit No. 4 was located approximately 1200 feet west of the beginning of the curve and that said patch was present at the time of the accident, basing his testimony on Department of Transportation records which showed that no repairs to the area in question had been made within either one week prior to or one week following the occurrence.

After careful scrutiny of the entire record now before us we conclude that the photographs allegedly portraying potholes and patches which were submitted into evidence by the Claimant do not relate to or support

Claimant's own testimony as to the cause of losing control of the vehicle.

The Court has consistently held that the State is chargeable with a duty to maintain its roads in a reasonably safe condition for the purpose for which they are intended. It follows, therefore, and we have so held, that in order for Claimant to prevail in a case of this nature he must prove by a preponderance of the evidence that the Respondent breached its duty and that said breach proximately cause the injuries complained of. We find that Claimant has failed to so prove both the breach of duty and causation.

Claimant also has the burden of proving freedom from contributory negligence. Based upon the testimony adduced at the hearing, including witness Montalbano who was an occurrence witness, we are of the opinion that the Claimant did, in the operation of his vehicle, contribute to the accident. Other than the testimony of the Claimant himself who stated he was traveling between 50 and 55 miles per hour as he approached the curve and at the time he lost control of his automobile, nothing in the record supports that he was in the exercise of due care and caution for his own safety and the safety of others. In fact, the evidence supports that he was not in the exercise of due care.

Based on the foregoing, it is hereby ordered that this claim be and hereby is denied.